IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY DAVIS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5035 |
| | : | |
| **CHESTER CROZER HOSPITAL,** *et al*. | : | |
| Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                     **DECEMBER 15, 2021**

Plaintiff Jerry Davis,[1] an inmate currently confined at George W. Hill Correctional Facility ("GWHCF"), filed this action alleging a violation of his civil rights based on events that occurred while he received treatment at Crozer-Chester Medical Center and while housed at GWHCF. Named as Defendants are Crozer-Chester Medical Center,[2] GWHCF, the Chester Police Department, Delaware County, Norristown State Hospital, and the GEO Group Inc.[3] He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss Davis's Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Davis will be granted leave to file an amended complaint.

---

[1] The Complaint lists the name of the plaintiff as "Daniel Vincent Brundage" and "Jerry Davis" as an alias, and is signed by Daniel Vincent Brundage. (*See* ECF No. 2 at 2, 15.) However, the motion to proceed *in forma pauperis* is signed in the name of Jerry Davis and the prison account statement submitted in this matter identifies the inmate as Jerry Davis as well. (*See* ECF Nos. 1, 3.) Thus, the Court understands Plaintiff to be held in custody under the name Jerry Davis and will refer to him herein as such.

[2] The Complaint lists "Chester Crozer Hospital" as a Defendant; however, the Court will refer to this Defendant by its proper name, Crozer-Chester Medical Center.

[3] ECF No. 2.

**I.     FACTUAL ALLEGATIONS**[4]

Davis alleges that while receiving treatment at Crozer-Chester Medical Center, the staff claimed that he was lying and that there was nothing wrong with him.[5] Specifically, he contends that "[o]n Feb. 29, 2020 the staff at Crozer were expressing disapproval of my being admitted there and decided to have me railroaded out of there, into jail."[6] Davis claims that he was sexually assaulted by a hospital employee who grabbed his genitals and that he was "taken to jail for my natural reaction which was merely to pull the woman[']s hand from in between my thighs."[7] According to Davis, the Crozer employee called 911 and falsely told "the police that she grabbed my arm and I attacked her."[8] Davis was charged in connection with this incident and has been detained at GWHCF since March 2, 2020.[9] Davis asserts that he "keep[s] being offered a deal" but that he will not plead guilty.[10] Davis claims that "the hospital" is responsible for the lies of its staff and has had him "falsely imprisoned and maliciously prosecuted."[11]

Davis also challenges the conditions at GWHCF. He alleges that "people are being incredibly abused and dying left and right the food handling is very slovenly and there are many

---

[4] The allegations set forth in this Memorandum are taken from Davis's Complaint and the public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

[5] ECF No. 2 at 3.

[6] *See id.* at 6.

[7] *Id.* at 4.

[8] *See id.* at 3-4, 9.

[9] *See Commonwealth v. Davis*, CP-23-CR-0003351-2020 (C.P. Delaware); *see also* ECF No. 2 at 7, 9. Davis does not allege whether he is currently detained at GWHCF as a pretrial detainee or convicted prisoner. It appears from the state court dockets that Davis was in custody in connection with various burglary and theft-related charges at the time that he was treated at Crozer-Chester Medical Center and that these charges remain pending. *See Commonwealth v. Davis*, CP-51-CR-0001687-2020 (C.P. Philadelphia); *Commonwealth v. Davis*, CP-51-CR-0001536-2020 (C.P. Philadelphia). The public dockets also reveal that Davis has not been convicted of the charges stemming from the Crozer-Chester Medical Center incident. *See Commonwealth v. Davis*, CP-23-CR-0003351-2020 (C.P. Delaware) (trial scheduled to commence January 24, 2022). Thus, Davis appears to be a pretrial detainee.

[10] *See* ECF No. 2 at 4, 6.

[11] *Id.* at 6.

days where I will receive a tray that appears to have been eaten off of. Also the place is unsanitary and I'm living in squalor."[12] Davis claims that he is kept on 24-hour lockdown, with no showers, phone calls, and recreation.[13] Davis also contends that other inmates have thrown excrement on him in the presence of Corrections Officers.[14]

Davis further alleges that excessive force has been imposed upon him, including the use of mace.[15] He claims that "on October 25th or 26th 2021 Chief Leach authorized another unnecessary use of force upon me."[16] Moreover, Davis claims that "heavy Corrections Officers" have placed their knees in his back and he has been choked.[17] Davis claims to have suffered psychological and physical trauma as a result of his confinement and seeks monetary damages.[18]

## II. STANDARD OF REVIEW

The Court grants Davis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[19] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[12] *Id.* at 4.

[13] *Id.* at 4, 7, 9.

[14] *Id.* at 7.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.* at 10.

[18] *See id.* at 4, 9.

[19] However, as Davis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[20] Conclusory allegations do not suffice.[21]

As Davis is proceeding *pro se*, the Court construes his allegations liberally and will "apply the relevant legal principle even when the complaint has failed to name it."[22] However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"[23]

### III. DISCUSSION

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[24] In analyzing the claims in the Complaint, the allegations are so general and conclusory that it is difficult to determine what happened, when it happened, and who was involved in a given set of events. Liberally construed, it appears that Davis is attempting to assert claims for malicious prosecution, excessive force, and about the conditions of his confinement. However, Davis has not alleged a plausible basis for a claim against any Defendant.

#### A. Claims against Crozer-Chester Medical Center

Claims of constitutional violations against Crozer-Chester Medical Center will be dismissed because private hospitals and their employees are not "state actors" subject to liability under § 1983. Whether a defendant is acting under color of state law depends on whether there is

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the pro se] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)).

[21] *Iqbal*, 556 U.S. at 678.

[22] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[23] *Id.* (quoting Mala, 704 F.3d at 245).

[24] *West v. Atkins*, 487 U.S. 42, 48 (1988).

"such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."[25] The Third Circuit has outlined three tests to determine whether state action exists:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.[26]

Davis has not alleged facts to support a plausible conclusion that Crozer-Chester Medical Center and its employees are state actors under any of these tests, and the § 1983 claims against Crozer-Chester Medical Center and any employees will be dismissed with prejudice.[27] The Court notes that the dismissal of the § 1983 claims does not affect Plaintiff's ability to assert any state-law claims against Crozier-Chester Medical Center or its employees in the appropriate state court.

### B. Claims against GWHCF

Davis names as a Defendant GWHCF; however, a prison or correctional facility is not a "person" under § 1983.[28] Accordingly, Davis's claims against GWHCF will be dismissed with prejudice because GWHCF "is not a legal entity susceptible to suit."[29]

---

[25] *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks and citation omitted).

[26] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks, alteration, and citation omitted).

[27] *See Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) (holding that private hospital is not a state actor under applicable legal tests); *Klavan v. Crozer-Chester Med. Ctr.*, 60 F. Supp. 2d 436, 440-44 (E.D. Pa. 1999) (holding that private hospital and its employees are not state actors under applicable tests).

[28] *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).

[29] *See Cephas*, 2010 WL 2854149, at *1 (internal quotation marks and citation omitted).

### C. Claims against Delaware County

Davis includes Delaware County in the caption of his Complaint, but he does not refer to it in the body of his Complaint. The County may be held responsible for the conditions at GWHCF. However, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.[30] "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."[31] "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"[32] "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"[33] For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury."[34] A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected."[35]

Davis does not allege a specific custom or policy by Delaware County, or that the County had actual knowledge of prior similar conduct or failed to prevent the repetition of such conduct,

---

[30] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

[31] *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

[32] *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)).

[33] *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

[34] *Id.* (internal quotation marks, alterations, and citation omitted).

[35] *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

and that this failure led to his injury. Further, Davis has not alleged that Delaware County or its agents failed to supervise, train or discipline its employees resulting in the alleged violation of Davis's constitutional rights. Thus, Davis's claims against Delaware County will be dismissed without prejudice for failure to state a claim.

### D.     Claims against Chester Police Department

The Chester Police Department is not a "person" subject to liability under § 1983.[36] Instead, the proper defendant is the City of Chester.[37] However, construing the claims as asserted against the City of Chester, Davis fails to allege that a policy or custom of the City of Chester caused the alleged violations of his rights.[38] Therefore, the claims against the City of Chester (Chester Police Department) will be dismissed without prejudice.

### E.     Claims against Norristown State Hospital

Davis lists Norristown State Hospital as a Defendant in the caption of his Complaint, but does not include the hospital in the list of named Defendants.[39] Furthermore, Davis does not allege any claims against Norristown State Hospital in the body of the Complaint. Thus, the Complaint does not support a plausible claim against Norristown State Hospital and any claim against this Defendant will be dismissed without prejudice.

### F.     Claims against the GEO Group Inc.

Davis includes the GEO Group, Inc. in the caption of his Complaint and lists it as a Defendant, but does not refer to it in the body of his Complaint. GEO Group Inc. is a private

---

[36] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d Cir. 2014) (*per curiam*).

[37] *Jackson*, 570 F. App'x at 114 n.2.

[38] *See McTernan*, 564 F.3d at 658 (noting that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard).

[39] *See* ECF No. 2 at 1-3.

corporation under contract to provide services at GWHCF, and is subject to liability under § 1983.[40] Thus, the GEO Group, Inc. may be liable under § 1983 if its policies or customs caused the alleged constitutional violation.[41] It may also be liable for failure to supervise, train, or discipline its employees.[42]

Here, however, Davis has not tied any of the conduct or conditions of which he complains to a custom or policy of the GEO Group, Inc., and has not alleged that the GEO Group, Inc. failed to supervise, train or discipline any individual involved in the deprivation of Davis's rights. Consequently, Davis's claim against the GEO Group, Inc. will be dismissed without prejudice.

### G. Claims for Malicious Prosecution

Several of Davis's allegations concern his belief that he has been falsely charged with a crime and maliciously prosecuted.

> To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[43]

Davis cannot bring a claim for malicious prosecution at this time because he has not alleged that the criminal proceedings have terminated in his favor. Indeed, trial is set for the

---

[40] *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. GEO Grp., Inc.*, No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility.").

[41] *See Monell*, 436 U.S. at 694; *McTernan*, 564 F.3d at 658.

[42] *See Forrest*, 930 F.3d at 106.

[43] *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

week of January 24, 2022.[44] The Court will dismiss this claim without prejudice. If the criminal proceedings are resolved in his favor, Davis may file a new case raising this claim.

### H. Claims Based on the Use of Excessive Force

Because Davis was a pretrial detainee during the relevant events, the Due Process Clause of the Fourteenth Amendment governs his excessive force claims.[45] To state a due process violation based on excessive force, a detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable."[46] "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'"[47]

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.[48]

Here, Davis's allegations concerning the use of excessive force against him are too vague and conclusory to state a claim. For example, he claims that "on October 25th or 26th 2021 Chief Leach authorized another unnecessary use of force upon me."[49] Additionally, Davis asserts that "heavy Corrections Officers" have placed their knees in his back and he has been choked.[50] He also claims that "Corrections Officer have used unnecessary force and mace" on him.[51] To

---

[44] *See Commonwealth v. Davis*, CP-23-CR-0003351-2020 (C.P. Delaware).

[45] *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (internal quotation and citation omitted); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

[46] *Kingsley*, 576 U.S. at 396-97.

[47] *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

[48] *Id.*

[49] ECF No. 2 at 4.

[50] *Id.* at 10.

[51] *Id.* at 8.

9

plausibly allege a claim, however, Davis must identify the individual or individuals alleged to have asserted force, and allege facts describing the force used, the circumstances under which it was used, and the injuries he suffered as a result. Because the Complaint does not contain such alleged facts, Davis's excessive force claims will be dismissed without prejudice.[52]

### I. Claims Based on Conditions of Confinement

Davis alleges, *inter alia*, that he was locked in his cell for 24 hours a day and was refused showers, telephone calls, and recreation.[53] Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. Unconstitutional punishment typically includes both objective and subjective components.[54] The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]"[55] In general, a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety.[56] It is not clear how long these restrictions lasted, as Davis alleges in the same paragraph that it was for "months on end" but also that he "climb[ed] up high in places in the jail where the staff cannot harm me . . . ."[57] Although these claims, liberally construed, may allege a constitutional violation, Davis has not

---

[52] "Chief Leach" is not a named Defendant in this action. In any event, to the extent that Davis seeks to assert a claim based on a supervisory liability theory against a named defendant, he has failed to allege a plausible claim. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015) (describing means by which a supervisor may be subject to liability for constitutional violations).

[53] *See* ECF No. 2 at 4, 7, 9.

[54] *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).

[55] *Id.* (citations omitted).

[56] *See Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (*per curiam*) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'").

[57] ECF No. 2 at 7.

10

alleged the circumstances or tied those allegations to any of the named Defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs."[58] Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[59] The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence."[60] Plaintiff will be given the opportunity to amend the Complaint to allege the involvement of named Defendants, or that these conditions were imposed as the result of a custom or a policy at the prison.

Similarly, although conditions of confinement may be so unsanitary as to violate the prohibition against cruel and unusual punishment, *Taylor v. Riojas*, 141 S. Ct. 52 (2020), Plaintiff's allegations are not tied to specific Defendants and are too vague. Davis generally complains about the manner in which food is handled at GWHCF and alleges that "the place is unsanitary" and that he is "living in squalor."[61] Davis must allege some specific facts to state a claim. The same is true for the other claims about conditions of confinement.[62] Accordingly, Davis's claims based on the conditions of his confinement will be dismissed without prejudice.

---

[58] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims).

[59] *Iqbal*, 556 U.S. at 676.

[60] *Rode*, 825 F.2d at 1207.

[61] ECF No. 2 at 4.

[62] *See, e.g.*, *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (*per curiam*) ("Fortune complained of his inability to adequately shower and exercise for a period of fifteen days. Although it is not clear how many times Fortune believes that he should have been permitted to engage in those activities in addition to the time he was already given to do so, he does not allege that he suffered any harm as a result of the denial of additional showers and exercise."); *Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009) (*per curiam*) ("[P]risoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights.").

## IV.   CONCLUSION

As set forth more fully above, Davis's § 1983 claims against Crozer-Chester Medical Center and GWHCF are dismissed with prejudice because he cannot cure the defects in these claims and amendment would be futile.[63] Additionally, Davis's claims against Delaware County, the Chester Police Department, Norristown State Hospital, and the GEO Group, Inc. are dismissed without prejudice for failure to state a claim. Furthermore, Davis's malicious prosecution claim based on the criminal charges related to the incident at Crozer-Chester Medical Center is dismissed without prejudice for failure to state a claim. Davis may reassert this claim in a new civil action in the event the pending charges ultimately terminate in his favor.

Because Davis may be able to state a plausible claim based on the use of excessive force and the conditions of his confinement at GHWCF, he will be granted leave to amend. Any amended complaint should clearly describe the factual basis for Davis's claims against the relevant defendant and how the defendant was involved in the alleged denial of his Constitutional rights.[64]

An appropriate Order will be entered.

---

[63] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile.").

[64] Davis also filed a pleading titled "Amended Complaint, Notice, Motion, Brief" that was docketed as a motion to amend the Complaint. (*See* ECF No 5.) Davis states that he wants to add a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) because he "neglected to check off that box." (*Id.*) He explains: "I see that I will be representing myself pro se in a Federal Court might be helpful to my claim if that box was checked off as well." (*Id.*) However, a case is brought under *Bivens* to compensate persons injured by federal officers who have violated certain constitutional rights in limited circumstances. *See id.* at 397 (holding that plaintiff was entitled to recover money damages for injuries suffered as a result of federal agents' violations of Fourth Amendment rights); *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'"). There are no allegations that Davis has been in federal custody, and therefore, the motion to amend will be denied.