IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERRY DAVIS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5035 |
| | : | |
| **CHESTER CROZER HOSPITAL,** *et al*. | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 15th day of December 2021, upon consideration of Plaintiff Jerry Davis's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), *pro se* Complaint (ECF No. 2), and motion to amend the Complaint (ECF No. 5), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Davis, #20001573, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Davis's inmate account; or (b) the average monthly balance in Davis's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Davis's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Davis's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons in the Court's Memorandum as follows:

    a. All claims pursuant to 42 U.S.C. § 1983 against Defendant Chester Crozer Hospital[1] and Defendant George W. Hill Correctional Facility are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is **DIRECTED** to **TERMINATE** Chester Crozer Hospital and George W. Hill Correctional Facility as defendants in this case.

    b. All claims against Defendants Delaware County, the Chester Police Department, Norristown State Hospital, and the GEO Group, Inc. are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

    c. The malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE** to Davis filing a new civil action in the event the charges filed against him terminate in his favor.

    d. All claims based on the use of excessive force and the other conditions of his confinement at George W. Hill Correctional Facility are **DISMISSED WITHOUT PREJUDICE**.

---

[1] The defendant listed on the docket as Chester Crozer Hospital is referred to in the Memorandum by its proper name, Crozer-Chester Medical Center.

6. Davis may file an amended complaint based on the use of excessive force and/or the conditions of his confinement at George W. Hill Correctional Facility within 30 days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Davis's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Davis should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The motion to amend the Complaint to add a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (ECF No. 5) is **DENIED** as there are no allegations that Davis has been in federal custody.

8. The Clerk of Court is **DIRECTED** to send Davis a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Davis may use this form to file his amended complaint if he chooses to do so.[2]

9. If Davis does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within 30 days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil

---

[2] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

action number for this case.³ If Davis fails to file any response to this Order, the Court will conclude that Davis intends to stand on his Complaint and will issue a final order dismissing this case.⁴

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

---

³ *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

⁴ The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).